### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### BEAUFORT DIVISION

| | |
|---|---|
| Lamont W. Cutner, ) | Civil Action No.: 9:20-cv-04119-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Sheik Johnson, South Carolina Department ) | |
| of Corrections, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Lamont Cutner ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act ("SCTCA") alleging claims against Sheik Johnson ("Johnson") and the South Carolina Department of Corrections ("SCDC") for violations of his constitutional rights while he was incarcerated. (ECF No. 1-3 at 5.) This matter is before the court on Defendants' separate Motions to Dismiss or for Summary Judgment.[1] (ECF Nos. 20, 21.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to the United States Magistrate Judge for pretrial handling. On June 3, 2022, the Magistrate Judge issued a Report and Recommendation ("Report") (ECF No. 33). For the reasons that follow, the court **ACCEPTS** the Report and Recommendation (ECF No. 33) and **GRANTS IN PART** and **DENIES IN PART** each Motion as set forth below.

### I.     RELEVANT BACKGROUND

Plaintiff's claims arise out of his incarceration at Lieber Correctional Institute, a facility run by SCDC. (ECF No. 1-3 at 5.) The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. As a brief factual summary, on

---

[1] Because the court considers evidence outside the pleadings, the Motions are treated as summary judgment motions. *See Edelman v. Lynchburg Coll.*, 300 F.3d 400, 404 (4th Cir. 2002).

1

October 18, 2018, Plaintiff was making a phone call when a verbal altercation began between Plaintiff and Defendant Johnson, who was a sergeant employed by SCDC at the time, stemming from Johnson's use of "chemical munitions" on Plaintiff the previous day. (*See* ECF Nos. 1-3 at 5, 21-2 at 1.) Plaintiff alleges he was in ankle and wrist restraints at the time of the altercation. (ECF No. 1-3 at 6.) Plaintiff claims the verbal altercation resulted in Defendant Johnson striking Plaintiff in the head twice with a closed fist. (*Id.*) On October 12, 2020, Plaintiff filed this action in the South Carolina Court of Common Pleas for Dorchester County seeking money damages. (ECF No. 1.) On November 25, 2020, Defendants removed the action to this court. (*Id.*)

On November 15, 2021, SCDC filed its Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (ECF No. 20.) SCDC contends the claims against it should be dismissed because Plaintiff failed to exhaust his administrative remedies for certain claims as required by the Prison Litigation Reform Act ("PLRA"), and because the Complaint fails to state a cause of action against SCDC because § 1983 does not provide for vicarious liability. (ECF No. 20-1.) On the same day, Defendant Johnson filed his Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (ECF No. 21.) Defendant Johnson argues that the Complaint should be dismissed or summary judgment granted in his favor because (1) Plaintiff's § 1983 claims against Johnson are barred pursuant to Eleventh Amendment Immunity; (2) Plaintiff failed to exhaust his administrative remedies as required by the PLRA; (3) there is no evidence that Johnson violated Plaintiff's constitutional rights; (4) Johnson is entitled to qualified immunity; and (5) to the extent Plaintiff alleges any state law claims against Johnson, he is not a proper party pursuant to the SCTCA. (ECF No. 21-1 at 4.) Plaintiff filed Responses in Opposition to both Motions (ECF Nos. 22, 23), and SCDC filed a Reply to Plaintiff's Response (ECF No. 24).

On June 3, 2022, the Magistrate Judge issued the Report, recommending the court grant summary judgment to SCDC on Plaintiff's § 1983 claim, but not on Plaintiff's state law claim, and grant summary judgment to Johnson on Plaintiff's state law claim, but not on Plaintiff's § 1983 claim. (ECF No. 33 at 5.) Neither party filed objections to the Report.

## II.     JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 based on Plaintiff's claims against Defendants under 42 U.S.C. § 1983, which permits an injured party to bring a civil action against a person who, acting under color of state law, ordinance, regulation, or custom, causes the injured party to be deprived of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The court has supplemental jurisdiction over Plaintiff's state law claims because they form part of the same case or controversy as the claims in the action within the court's original jurisdiction. 28 U.S.C. § 1367(a).

## III.    LEGAL STANDARD

A.   <u>The Magistrate Judge's Report and Recommendation</u>

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to–including those portions to which only "general and conclusory" objections have been made–for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

B. <u>Motion for Summary Judgment</u>

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). When considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under governable law will properly preclude the entry of summary judgment." *Id.* at 248. Further, to show that a genuine issue of material fact exists, the non-moving party must set forth facts beyond "[t]he mere existence of a scintilla of evidence." *Id.* at 252. The non-moving party must present evidence sufficient to demonstrate that a reasonable jury could return a verdict for the non-moving party to avoid summary judgment. *See id.* at 248.

### IV. ANALYSIS

A. <u>The Report and Recommendation</u>

First, the Magistrate Judge found that Defendants are not entitled to summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies under the PLRA.[2] (ECF No. 33 at 11.) The Magistrate Judge explained that Plaintiff did file grievances and ultimately received

---

[2] The Magistrate Judge also found that SCDC is not entitled to summary judgment on Plaintiff's state tort claim for failure to exhaust because the SCTCA "does not include any provision requiring exhaustion of administrative remedies prior to filing suit." (ECF No. 33 at 23 (citing *Battle v. S.C. Dep't of Corr.*, No. 9:19-cv-1739-TMC, 2021 WL 4167509, at *15 (D.S.C. Sept. 14, 2021)).)

4

the relief he sought—Johnson was investigated by Agent Richard Darling and ultimately fired. (*Id.* at 10–11.)  Accordingly, there was nothing more that the administrative grievance process could have provided Plaintiff and Plaintiff is not required to exhaust unavailable administrative remedies.  (*Id.* at 9–10.)

Second, the Magistrate Judge found that Plaintiff's § 1983 claims against SCDC and Johnson in his official capacity is barred by the Eleventh Amendment, which prohibits federal courts from hearing claims against a state or its agents, instrumentalities, and employees, unless the state has consented to the suit.  (ECF No. 33 at 11 (citing *Fauconier v. Clarke*, 966 F.3d 265, 279 (4th Cir. 2020); *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)).)

Third, the Magistrate Judge determined that Johnson is not entitled to summary judgment on Plaintiff's § 1983 excessive force claim because genuine issues of material fact exist as to this issue.  (ECF No. 33 at 12.)  The Report correctly provides that both an objective and a subjective component must be established for a successful excessive force claim.  (*Id.* (citing *Brooks v. Johnson*, 924 F.3d 104, 112 (4th Cir. 2019)).)  The objective component considers whether the force used was "sufficiently serious to establish a cause of action[,]" meaning the force was "more than de minimis."  (*Id.* (citing *Dean v. Jones*, 984 F.3d 295, 303 (4th Cir. 2021)).)  The subjective component inquires whether the force was applied "in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  (*Id.* (quoting *Iko v. Shreve*, 535 F.3d 225, 239 (4th Cir. 2008)).)  In this case, the Magistrate Judge found that genuine issues exist as to both the objective and subjective components.  For the objective inquiry, the Magistrate Judge observed that the parties dispute whether Johnson's use of force was more than de minimis, "there is nothing of undisputed authenticity that shows Plaintiff's version of events is false, [and] the Court cannot adopt Defendants' version of the facts for purposes of summary judgment."  (*Id.* at

15.) As to the subjective component, the Magistrate Judge determined there is a factual dispute as to what occurred leading up to and during the incident such that the facts of this case are "not so plain that they may be resolved as a matter of law" on summary judgment. (*Id.* at 18.)

Fourth, the Magistrate Judge recommended denial of Johnson's Motion on the basis of qualified immunity because there is sufficient evidence to find that Plaintiff's clearly established Eighth Amendment rights were violated. (ECF No. 33 at 21.) Specifically, the Report explains there is a genuine dispute of material fact as to whether Johnson violated Plaintiff's constitutional rights and a genuine dispute as to whether Johnson's use of force was in good faith or to punish Plaintiff for insubordination. (*Id.* at 19–21.)

Finally, the Report notes that under the SCTCA, SCDC is the proper party in this case. (ECF No. 33 at 22 (citing *Faile v. S.C. Dep't of Juv. Just.*, 566 S.E.2d 536, 539 n.1 (S.C. 2002); S.C. Code Ann. § 15–78–70(c)).) Accordingly, the Magistrate Judge found that Johnson is entitled to summary judgment on Plaintiff's state tort claims, but SCDC is not. (*Id.* at 21.)

B.     The Court's Review

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting its recommendation. *See Camby*, 718 F.2d at 199. Rather "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond*, 416 F.3d at 315 (quoting Fed. R. Civ. P. 72 advisory committee's note). Here, neither party has objected to the Report and the court discerns no clear error on the face of the record. After a thorough review of the Report and the record in this case, the court finds that the Report provides an accurate summary of the facts and law and does not contain clear error.

## V.  CONCLUSION

Based on the foregoing, the court **ACCEPTS** the Report and Recommendation (ECF No. 33) and incorporates it herein, and **GRANTS IN PART** and **DENIES IN PART** each of Defendants' Motions (ECF Nos. 20, 21) as follows:

- SCDC's Motion for Summary Judgment (ECF No. 20) is **GRANTED** as to Plaintiff's § 1983 claim against SCDC and **DENIED** as to Plaintiff's SCTCA claim against SCDC; and

- Johnson's Motion for Summary Judgment (ECF No. 21) is **GRANTED** as to Plaintiff's SCTCA claim against Johnson and **DENIED** as to Plaintiff's § 1983 claim against Johnson in his individual capacity.

    **IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

June 30, 2022
Columbia, South Carolina